UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
INEZ NICAISSE,

                  Plaintiff,                         **ORDER**
                                                                 14-cv-1569(ADS)(AYS)
  -against-

MEL S. HARRIS & ASSOCIATES, LLC,

                  Defendant.
----------------------------------------------------------------x
**APPEARANCES:**

**LAW OFFICE OF ALAN J. SASSON, P.C.**
*Attorneys for the Plaintiff*
1669 East 12th Street, 2nd Floor
Brooklyn, NY 11229
      By:   Alan J. Sasson, Esq.
                Yitzchak Zelman, Esq., Of Counsel

**MEL S. HARRIS & ASSOCIATES, LLC**
*Defendant Pro Se*
5 Hanover Square, 8th Floor
New York, NY 10004
      By:   Hilary Korman, Esq., Of Counsel

**SPATT, District Judge:**

Presently before the Court is a motion by the Plaintiff Inez Nicaisse ("Nicaisse" or the "Plaintiff") for attorneys' fees and costs incurred by counsel, the Law Office of Alan J. Sasson, P.C. ("Sasson PC") in the prosecution of this case under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

1

For the reasons that follow, the Court grants the motion and awards the Plaintiff $13,700 in attorneys' fees and $2,316 in reimbursement for litigation costs, for a total award of $16,016.

## I. Background

### A. The Underlying Factual Allegations

The following facts are drawn from the complaint and documentary evidence submitted in connection with the instant motion.

On March 10, 2014, Nicaisse commenced this action against the Defendant Mel S. Harris & Associates, LLC ("Harris LLC"), alleging that its efforts to collect a consumer debt from Nicaisse violated the FDCPA. In particular, on September 16, 2013, Harris LLC allegedly placed a call to the Plaintiff's Suffolk County residence. Receiving no answer, the caller left a voice message. As set forth in the complaint, the voice message stated as follows:

> This message is intended for [Plaintiff]. Contact the law firm of [Harris LLC] at (212) 571-4900 at extension 3322. Case ID number is 1103579. Please be advised that this call is from a debt collection law firm in reference to the collection of a debt. Thank you.

See Compl. ¶ 12.

The Plaintiff does not raise an issue with regard to the content of this voice message. Rather, Nicaisse alleges that the message was overhead by her adult daughter, one Jessica Leriche ("Leriche"). Allegedly, this caused Nicaisse to suffer extreme embarrassment and distress.

Based on these allegations, the Plaintiff asserted two causes of action under the FDCPA, namely: (i) a violation of 15 U.S.C. § 1692c(b), which prohibits a debt

2

collector from disclosing to a third party without permission from the consumer that the consumer is being contacted by a debt collector concerning a debt; and (ii) a violation of 15 U.S.C. § 1692e(11), which requires debt collectors to identify themselves as debt collectors; to state that the purpose of their communication is to collect a debt; and to indicate that all information obtained will be used for such purpose.

**B.     The Arbitration**

On May 16, 2014, the parties consented to arbitrate the dispute.

Accordingly, on May 17, 2014, the Court administratively closed the case and granted the parties leave to reopen the case if the matter was not fully resolved in arbitration.

On September 23, 2014, following a hearing, Arbitrator Warren Stern issued an arbitration award in favor of the Plaintiff, awarding her $500 in statutory damages. In an e-mail sent to all counsel, the arbitrator explained that he had found that Harris LLC "violated 15 U.S.C. § 1692c(b) (communications with third party) and that plaintiff was entitled to statutory damages, though less than the statutory maximum [of $1,000]. The evidence did not show a violation of [15 U.S.C. § 1692e(11)]. Neither party tendered any evidence regarding fees and costs [and] none were included in the award."

On October 23, 2014, the Plaintiff filed a motion to reopen the case for the purpose of seeking attorneys' fees and costs under the FDCPA. The motion was unopposed.

On November 7, 2014, the Court granted the request and reopened this matter for the limited purpose of permitting the filing of the instant motion.

## II. Discussion

### A. As to Whether the Plaintiff's Arbitration Award Should be Entered as a Final Judgment

By the instant motion, Nicaisse seeks not only an award of attorneys' fees and costs, but also a final judgment representing the $500 arbitration award. However, no further order of this Court is required in order to give legal effect to the arbitration award. In this regard, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rules") provide, in relevant part, as follows:

> The arbitration award shall be filed with the Court promptly after the hearing is concluded and shall be entered as the judgment of the Court after the 30 day period for requesting a trial de novo pursuant to Section (h) has expired, unless a party has demanded a trial de novo. The judgment so entered shall be subject to the same provisions of law and shall have the same force and effect as a judgment of the Court in a civil action, except that it shall not be appealable.

Local Civ. R. 83.7(g)(1).

Consistent with this Rule, the arbitration award itself states that it "will become a final Judgment of this Court . . . unless a party files with the arbitration clerk a demand for a trial-de-novo."

In this case, there being no indication that either party has sought a trial de novo, it appears that the arbitrator's award became the final judgment of the Court thirty days after it was filed on the public docket, namely, on October 23, 2014.

Accordingly, the Clerk of the Court is directed to enter judgment in favor of the Plaintiff in the sum of $500, in accordance with Local Civil Rule 83.7(g)(1).

**B.     As to the Plaintiff's Motion for Attorneys' Fees and Costs**

In this case, the Plaintiff seeks an award of $21,790.14, representing the attorneys' fees and costs expended in prosecuting this action. Each component of the proposed award will now be addressed.

   **1.     Reasonable Attorneys' Fees**

The FDCPA provides that a debt collector who fails to comply with any of the statute's provisions is liable for: (i) (a) the actual damage suffered by the victim of the violation or (b) statutory damages not to exceed $1,000; and (ii) the costs of the action, together with a reasonable attorney's fee as determined by the court. See 15 U.S.C. § 1692k(a)(1)-(3). The Second Circuit has recognized that an award of costs and reasonable attorneys' fees is granted as "a matter of course" to prevailing plaintiffs. Jacobson v. Healthcare Fin. Servs., 516 F.3d 85, 95 & n.8 (2d Cir. 2008) (noting that "[t]he award of costs and fees to a successful plaintiff appears to be mandatory"); see Barrows v. Tri-Financial, 09-cv-2925, 2009 U.S. Dist. LEXIS 101089, at *6 (W.D.N.Y. Oct. 30, 2009) ("Once a violation of the FDCPA has been found, an award of attorneys' fees and costs is mandatory" (citing Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 28 (2d Cir. 1989)). Because "the statute *requires* the award of costs and a reasonable attorney's fee," Pipiles, 886 F.2d at 28 (emphasis in original), the Plaintiff's motion is granted. The only question before the Court is whether the amounts sought by the Plaintiff are reasonable.

"The Second Circuit has held that courts are to award counsel the 'presumptively reasonable fee,' which is determined by [multiplying] the reasonable hourly rate by the number of reasonably expended hours." Gonzalez v. Healthcare Recovery Mgmt., 13-cv-1002, 2013 U.S. Dist. LEXIS 129115, at *8 (E.D.N.Y. 2013) (quoting Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009)). The burden is on the party moving for attorneys' fees to justify the reasonableness of their fees. See McPhatter v. M. Callahan & Assocs., LLC, 11-cv-5321, 2013 U.S. Dist. LEXIS 132251, at *9 (E.D.N.Y. Aug. 6, 2013) (quoting Marshall v. Reisman, 11-cv-5764, 2013 U.S. Dist. LEXIS 55727, at *12 (E.D.N.Y. Mar. 25, 2013) (Report and Recommendation), adopted, 2013 U.S. Dist. LEXIS 53228 (E.D.N.Y. Apr. 12, 2013)).

Relevant to determining the presumptively reasonable fee are "those rates charged 'for similar services by lawyers of reasonably comparable skill, experience, and reputation in the district in which the reviewing court sits.'" Id. (quoting Reiter v. MTA NYC Transit Auth., 457 F.3d 224, 232 (2d Cir. 2006); Simmons, 575 F.3d at 174).

With respect to the reasonableness of an attorney's hourly rate, the court in Douyon v. NY Med. Health Care, P.C., 49 F. Supp. 3d 328 (E.D.N.Y. 2014), noted that "[i]n 2011, the Second Circuit affirmed a district court decision holding that the prevailing rates for experienced attorneys in the Eastern District of New York range from approximately $300 to $400 per hour." Douyon, 49 F. Supp. 3d at 343 (quoting Konitis v. Karahalis, 409 F. App'x 418, 422-23 (2d Cir. 2011). The court

6

further noted that "'[s]ome courts have recognized slightly higher rates in this district of $300-$450 per hour for partners, $200-$300 per hour for senior associates, and $100-$200 per hour for junior associates.'" Id. (quoting Small v. New York City Transit Auth., 03-cv-2139, 2014 U.S. Dist. LEXIS 39582, at *13 (E.D.N.Y. Mar. 25, 2014)).

As to the reasonableness of the number of hours expended, the applicable standards have been appropriately explained by a court within this district, as follows:

> District courts are given broad discretion to evaluate the reasonableness of the hours expended. See Konits v. Karahalis, 409 F. App'x 418, 420-12 (2d Cir. 2011); see also Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); Luciano v. Olsten Corp., 109 F.3d 111, 115 (2d Cir. 1997). In considering what is reasonable, courts "should exclude excessive, redundant or otherwise unnecessary hours." Quarantino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999) (citing Hensley, 461 U.S. at 433-35). Courts should consider "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992). It is the attorney's burden to maintain contemporaneous records, and where fees are not adequately documented, fee applications may be denied or reduced. Riordan v. Nationwide Mut. Fire Ins. Co., 977 F.2d 47, 53 (2d Cir. 1992). A district court is not, however, required to "set forth item-by-item findings concerning what may be countless objections to individual billing items," Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994), and may either subtract uncompensable hours or use percentage reductions to eliminate excessive or duplicative hours, see Kirsch v. Fleet Street, Ltd.,148 F.3d 149, 173 (2d Cir. 1988) (A court has broad discretion to "trim the fat" in an application for attorneys' fees, and to eliminate excessive or duplicative hours); N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1146-47 (2d Cir. 1983); Quarantino, 166 F.3d at 425; Siracuse v. Program for the Development of Human Potential, 07-cv-2205, 2012 U.S. Dist. LEXIS 73456, at *107 (E.D.N.Y. Apr. 30, 2012) (citing cases).

Marshall, 2013 U.S. Dist. LEXIS 55727, at *11-*13.

7

In this regard, "'[a]ttorneys . . . are not required to provide the Court with a detailed accounting of each minute spent performing a task in the case.'" Douyon, 49 F. Supp. 3d at 349 (quoting Access 4 All, Inc. v. 135 West Sunrise Realty Corp., 06-cv-5487, 2008 U.S. Dist. LEXIS 91674, at *30 (E.D.N.Y. Sept. 30, 2008)). "'Rather, the records produced should be specific enough to assess the amount of work performed.'" Id. (quoting Access 4 All, Inc., 2008 U.S. Dist. LEXIS 91674, at *30).

  a. **The Reasonableness of the Hourly Rates Charged by the Attorneys of Sasson PC**

The Plaintiff submitted billing records maintained by Sasson PC, covering the period May 1, 2014 to November 10, 2014. These records indicate that attorney Alan J. Sasson ("Sasson") charged an hourly rate of $325 and attorney Yitzchak Zelman ("Zelman") charged an hourly rate of $300.

At the outset, the Court notes that the record is devoid of any meaningful information regarding the backgrounds and experience of Sasson and Zelman or, particularly, what qualifies them to command hourly rates of $325 and $300, respectively. As discussed in greater detail below, in this district, such rates are reserved for the most experienced of attorneys. In this regard, Zelman states only that he was admitted to the New York state bar on February 6, 2014 and to the Eastern District of New York on May 10, 2013. See Dec. 19, 2014 Zelman Decl. ¶ 7. Zelman further states that he has "filed, litigated or otherwise worked on over 150 FDCPA actions." Id. The motion papers provide no corresponding information

8

relating to Sasson, other than to say that he has been "focusing on FDCPA practice since 2010, and his experience exceeds" Zelman's. Id.

In this regard, the Court notes that a review of the records maintained by the New York State Unified Court system reveals that Sasson is a graduate of Hofstra Law School and was admitted to the New York State bar in 2010. See New York State Unified Court System Attorney Directory, available at, iapps.courts.state.ny.us/attorney/AttorneyDetails?attorneyId-330007798 (last visited Sept. 17, 2015); see also Dunn v. Advanced Credit Recovery Inc., 11-cv-4023, 2012 U.S. Dist. LEXIS 27205, at *18 (S.D.N.Y. Mar. 1, 2012) (Report and Recommendation) (taking judicial notice of New York State Unified Court System records where counsel "failed to provide information about the extent of their experience in the legal field or their expertise in FDCPA cases"), adopted, 2012 U.S. Dist. LEXIS 47129 (S.D.N.Y. Apr. 2, 2012).

The Court will take counsel's failure to submit helpful information regarding their relevant background and experience into consideration in assessing the reasonableness of a fee award. See Goode v. Vision Fin. Corp., 14-cv-4272, 2015 U.S. Dist. LEXIS 101267, at *11 (E.D.N.Y. May 7, 2015) (Report and Recommendation) (holding that, in situations where parties and their counsel "fail to provide the Court with any relevant background and/or experience information . . . 'the court often reduces that attorney's fees on that basis, but does not deny a fee award altogether' " (quoting Sentry Ins. a Mut. Co. v. Brand Mgmt.

9

Inc., 10-cv-347, 2013 U.S. Dist. LEXIS 82840, at *8 (E.D.N.Y. June 12, 2013))), adopted, 2015 U.S. Dist. LEXIS 100940 (E.D.N.Y. Aug. 3, 2015).

Fortunately, the Court is not without guidance from courts within this district as to the reasonableness of the hourly rates sought by Sasson and Zelman. In this regard, the Court takes note of Gonzalez, supra, where the plaintiff sought a default judgment against a defendant who allegedly sent a collection letter that violated the FDCPA. The plaintiff in that case was represented by Sasson. The court in Gonzalez granted the motion for a default judgment and, as occurred in this case, awarded the Plaintiff $500 in statutory damages.

With respect to Sasson, the court stated as follows:

> As for Sasson, he has approximately three years of experience, which places him in the category of a junior associate. See Crapanzo v. Nations Recovery Ctr., Inc., 11-cv-1008, 2011 U.S. Dist. LEXIS 76759, at *5 (E.D.N.Y. June 29, 2011) ("In this district, 'hourly rates for attorneys . . . have [normally] ranged from . . . $100 to $150 for junior associates with one to three years of experience. . . .") (quoting Eu Yan Sang Intl. Ltd. v. S & M Enters. (U.S.A.) Enterprise Corp., 09-cv-4235, 2010 U.S. Dist. LEXIS 99836 (E.D.N.Y. Sept. 8, 2010)). A reasonable hourly rate for a junior associate is $100 to $150. See id.; Sacardi v. Green Field Churrascaria, Inc., 10-cv-5605, 2012 U.S. Dist. LEXIS 149515, at *2-*3 (E.D.N.Y. Oct. 17, 2012). Sasson, however, requests an hourly rate double the upper end of that range. I find that rate to be excessive. Accordingly, based on the prevailing rates in this district and in light of Sasson's experience and the facts and circumstances of this case, I find that a reasonable hourly rate in this case for his work is $150.

Gonzalez, 2013 U.S. Dist. LEXIS 129115, at *11-*12.

That same year, another court found that $150 per hour was reasonable for Sasson's work. In McPhatter v. M. Callahan & Assocs., LLC, 11-cv-5321, 2013 U.S. Dist. LEXIS 132251 (E.D.N.Y. Aug. 6, 2013), the court noted that Sasson's hourly

rate of $350 "must [ ] be reduced." The court observed that "Mr. Sasson has practiced credit and collection law since he was admitted to practice law in New York in 2010. In light of his approximately three years of experience, an hourly rate of $150 is reasonable." Id. at *18-*19 (citations omitted))

More recently, in LG Funding, LLC v. Fla. Tilt, Inc., 15-cv-631, 2015 U.S. Dist. LEXIS 113282 (E.D.N.Y. Aug. 26, 2015), the court considered whether it was reasonable for Sasson and Zelman to charge hourly rates of $350 and $300, respectively, in an FDCPA case:

> Plaintiff's attorneys have relatively few years of experience, though they are career credit and collection lawyers. Sasson has been practicing law for five years, and Zelman for only three. Courts in this Circuit keep to the rule that a reasonable rate of compensation must be pinned to the generally prevailing rates of the district in which the court sits. Plaintiff's requested rates are excessive, given Plaintiff's attorneys' lack of experience. In this district, more experienced attorneys, typically partners with upwards of ten years' experience, are approved for rates of $300 per hour and above. Partners with fewer years of experience, like Sasson, may have rates approved as low as $200 per hour. Courts in this district typically approve rates for associates between $100 and $295 per hour, with the variance based on experience.

LG Funding, LLC, 2015 U.S. Dist. LEXIS 113282, at *5-*8 (internal citations omitted).

In the LG Funding case, the court exercised its discretion to reduce the hourly rates for Sasson and Zelman to $250 and $200, respectively. These reduced rates are in line with the decisions of other courts in this district. See, e.g., Gao v. Perfect Team Corp., 10-cv-1637, 2013 U.S. Dist. LEXIS 182165 (E.D.N.Y. Mar. 8, 2013) (Report and Recommendation) (finding $175 per hour reasonable for an

attorney with five years of practice experience, including a federal clerkship in this district), adopted, 2013 U.S. Dist. LEXIS 181885 (E.D.N.Y. Dec. 18, 2013); Ehrlich v. Royal Oak Fin. Servs., 12-cv-3551, 2012 U.S. Dist. LEXIS 159815, at *8-*10 (E.D.N.Y. Nov. 1, 2012) (finding $225 per hour appropriate in a relatively noncomplex FDCPA case for an attorney with less than four years of experience); Gunawan v. Sake Sushi Rest., 09-cv-5018, 897 F. Supp. 2d 76, 94-95 (E.D.N.Y. 2012) (finding $275 and $225 per hour reasonable for attorneys with five and three years of relevant practice experience, respectively).

By contrast, the hourly rates sought by Sasson and Zelman are in line with those rates usually approved for more experienced counsel. See, e.g., Douyon, 49 F. Supp. 3d 328, 344, 347 (reducing to $350 per hour the rate of an attorney with more than thirty years of practice experience, including time as law professor at New York University School of Law); Moore v. Diversified Collection Servs., 07-cv-397, 2013 U.S. Dist. LEXIS 56246, at *8 (E.D.N.Y. Mar. 19, 2013) (Report and Recommendation) (finding $275 per hour reasonable for an attorney with eleven years of experience practicing FDCPA litigation), adopted, 2013 U.S. Dist. LEXIS 55075 (E.D.N.Y. Apr. 11, 2013); see also LG Funding, LLC, 2015 U.S. Dist. LEXIS 113282, at *5-*8 (noting that, "[i]n this district, more experienced attorneys, typically partners with upwards of ten years' experience, are approved for rates of $300 per hour and above").

Having reviewed the relevant case law, and considering the facts and circumstances of this case, the Court finds the rates charged by Sasson and Zelman

to be excessive. Despite bearing the burden of establishing the reasonableness of her attorneys' fees, see McPhatter, 2013 U.S. Dist. LEXIS 132251, at *9, Plaintiff supplied no evidence whatsoever to justify a $350 per hour rate for Sasson, an attorney with only five years of practice experience. Further, the only evidence submitted in support of a $300 per hour rate for Zelman, an attorney with approximately three years of experience, is a print-out of active cases in which he is currently an attorney of record. This evidence provides no indication of Zelman's education, background, experience, or reputation.

Further, in the Court's view, this was a relatively straightforward and noncomplex FDCPA case, even though it was vigorously contested. The Court's conclusion in this regard is buttressed by the fact, which was observed by the Defendant and conceded the by Plaintiff, that Sasson and Zelman have, in recent years, commenced and litigated a number of cases that are virtually identical to this case, and many of which were on behalf of the same Plaintiff. Therefore, in the absence of evidence to the contrary, the Court finds no substantial basis for concluding that this case presented a novel legal issue, or required uniquely specialized skills or resources, which might have justified a dramatic departure from the usual rates for comparable attorneys.

Accordingly, the Court reduces the hourly rate for Sasson to $250 and the hourly rate for Zelman to $200. In the Court's view, these reduced rates are consistent with the prevailing market rate in the forum district for similar services

by lawyers of reasonably comparable skill, experience, and reputation. See Douyon, 49 F. Supp. 3d at 343, 346.

### b. The Reasonableness of the Hourly Rates Charged by M. Harvey Rephen & Associates

The Plaintiff also submitted billing records maintained by the law office of M. Harvey Rephen & Associates ("Rephen"), covering the period February 27, 2014 to April 24, 2014, a period of approximately two months. According to a declaration submitted by Zelman, "Mr. Rephen's office performed the initial intake of the Plaintiff, and commenced this action, drafting and filing the Complaint, Civil Cover Sheet and Proposed Summons." Zelman Decl. ¶ 19. Apparently, Rephen then referred the matter to Sasson PC for litigation. See id. Rephen's billing records indicate that he charged an hourly rate of $400.

Similar to Sasson and Zelman, the record is devoid of any evidence relating to Rephen's background and experience. In the Plaintiff's legal memorandum, she states only that "Mr. Rephen has solely practiced FDCPA . . . litigation for the past eighteen years." Pl. Memo of Law at 8. However, the Plaintiff points to no admissible evidence that would support this assertion. The Court takes note of the records maintained by the New York Unified Court System, which indicate that one Marc H. Rephen graduated from Pace Law School and was admitted to the New York bar in 1996, although the records provided do not specifically state that the same Marc Rephen was the lawyer involved in this case. See New York State Unified Court System Attorney Directory, available at,

iapps.courts.state.ny.us/attorney/AttorneyDetails?attorneyId-5507328 (last visited Sept. 18, 2015).

Again, the Court is not without guidance from within this district as to the reasonableness of this rate for attorney Rephen. For example, recently, in Francis v. AMCA, 15-cv-3624, 2015 U.S. Dist. LEXIS 103321 (E.D.N.Y. Aug. 6, 2015), the court denied an award for Rephen's services because of the insufficient supporting documentation that had been provided:

> First, plaintiff seeks "$2,000.00 for M. Harvey Rephen & Associates, P.C., (5 hours at $400.00 per hour), pre-litigaiton Counsel. These fees are comprised of negotiations and telephone conversations held with Defendant and/or Defendant's Counsel and meetings held with Plaintiff." I do not know what M. Harvey Rephen & Associates is. It is not counsel of record. I do not know the experience or even the name of its attorney or attorneys who worked on this matter. The boilerplate descriptions of "negotiations and telephone conversations" is too vague to permit any award.

Francis, 2015 U.S. Dist. LEXIS 103321, at *9.

In Gonzalez, supra, the court found that $400 per hour for Rephen's services was not reasonable. That case, similar to this one, had been "far from complex and involved no novel issues of law. Thus, based on the prevailing rates in this district, and in light of Rephen's experience and the facts and circumstances of th[e] case, [the court found] that a reasonable hourly rate in th[at] case for his work [wa]s $300." Gonzalez, 2013 U.S. Dist. LEXIS 129115, at *11.

In McPhatter, supra, the court, relying on an undisputed attorney's affirmation, stated that "Mr. Rephen is an experienced attorney; he has seventeen years of experience." McPhatter, 2013 U.S. Dist. LEXIS 132251, at *16. The court

15

in that case found that $350 per hour was an appropriate rate for him. See id. at *16-*17.

Having reviewed the relevant case law, and considering the facts and circumstances of this case, the Court finds the $400 per hour rate charged by Rephen to be excessive. Consistent with the other courts to have considered the issue, this Court finds that $350 per hour is more consistent with the prevailing market rate in this forum district for similar services by lawyers of comparable skill, experience, and reputation.

### c. The Reasonableness of the Number of Hours Billed

The Court performed a line-by-line review of Sasson PC's bills and found that Sasson, himself, spent 10.1 hours working on this case and Zelman spent 50.1 hours on this case. This combined effort of 60.2 hours is not properly described in the Plaintiff's legal memoranda. See, e.g., Pl. Memo in Support at 7 (asserting that Sasson PC expended 53.3 hours litigating this case); Pl. Memo in Reply at 9 (asserting that Sasson PC's expended 53.3 hours litigating this case). The Court, in its discretion, will use its own calculations for purposes of this analysis.

The supporting documentation also indicates that Rephen expended 3.3 hours on this case.

In this regard, the Court notes that this matter was strongly litigated by both sides and generated substantial motion practice; depositions; a court appearance before Magistrate Judge Tomlinson; and an arbitration hearing. The instant motion papers alone consist of 47 pages of legal argument and 23 combined exhibits.

Thus, it warrants observing that the number of hours required to effectively litigate this case exceeds what is typically approved in cases resolving FDCPA fee applications. See Douyon, 49 F. Supp. 3d at 341-42 (noting, in the context of a disputed fee application, that parties "cannot litigate tenaciously and then be heard to complain about the time necessarily spent by [an] adversary in response").

That said, the Court has reviewed the billing records provided by Rephen and Sasson PC, which appear to have been kept contemporaneously with the tasks described. The Court has also reviewed the detailed objections to those records, which were lodged by the Defendant, and finds that the Plaintiff has satisfactorily established that Sasson PC and Rephen reasonably expended 60.1 and 3.3 hours on this case, respectively.

In reaching this conclusion, the Court rejects the Defendants' contention that the Plaintiff is not entitled to recover attorneys' fees for time spent developing claims that were ultimately unsuccessful. It is settled that where, as here, " 'the plaintiff won substantial relief, [and] all of [her] claims for relief 'involve[d] a common core of facts' or were 'based on related legal theories,' so that '[m]uch of counsel's time w[as] devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim by claim basis,' there should be a fee award for all time reasonably expended.' " Douyon, 49 F. Supp. 3d at 339 (quoting LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 762 (2d Cir. 1998)). In the Court's view, the billing records reflect work that "a reasonable attorney would have engaged in" "at the time [it] was performed." Grant, 973 F.2d at 99.

Therefore, the Court, in its discretion, finds that a presumptively reasonable fee for the work performed on this case is as follows:

```
Sasson    (10.1 hours x $250 per hour)  = $2,525.00
Zelman    (50.1 hours x $200 per hour)  = $10,020.00
Rephen     (3.3 hours x $350 per hour)  = $1,155.00
                                 Total  = $13,700.00
```

## 2. Costs of the Action

Under 15 U.S.C. § 1692k(a)(3), the Plaintiff is also entitled to reimbursement for litigation costs related to this matter. In support of the instant motion, the Plaintiff has submitted documentary evidence demonstrating the following out-of-pocket costs: (i) $400 for the filing fee in this Court; (ii) $105 for a process server to effectuate service of process on the Defendant; (iii) $752.50 for the cost of purchasing the transcript of the deposition of Leriche; and (iv) $1,058.50 for the cost of purchasing the transcript of the deposition of Nicaisse. Courts within this district routinely permit recovery for similar expenses. See, e.g., Larsen v. JBC Legal Gr., P.C., 588 F. Supp. 2d 360, 365 (E.D.N.Y 2008) (collecting cases awarding reimbursement for costs related to, *inter alia*, filing fees, process servers, and deposition/hearing transcripts).

Accordingly, the Court, in its discretion, awards the Plaintiff the following costs of this action:

```
                             Filing Fee  = $400.00
                     Service of Process  = $105.00
   Deposition Transcription Services (Leriche)  = $752.50
   Deposition Transcription Services (Nicaisse) = $1,058.50
                                  Total  = $2,316.00
```

### III. Conclusion

For the reasons stated in this opinion, the Court grants the Plaintiff's motion as follows:

There being no indication that either party has sought a trial do novo, the Clerk is directed to enter the arbitration award as the final judgment of the Court in accordance with Local Civil Rule 83.7(g)(1).

The Court, in its discretion, awards the Plaintiff $13,700 in attorneys' fees and $2,316.00 in reimbursement for litigation costs, for a total award of $16,016, as set forth above.

The Court has considered the Defendant's remaining objections to the reasonableness of counsel's fees and costs and finds them to lack merit.

The Clerk is directed to close this case upon entering final judgment.

It is

**SO ORDERED**

Dated: Central Islip, New York
September 19, 2015

*/s/ Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge